Mitchell vs. Printup.

DANIEL R. MITCHELL, plaintiff in error, vs. JOSEPH J. PRINTUP, defendant in error.

A new trial will not be granted on the ground of newly discovered evidence, merely to give the party an opportunity to impeach the credit, much less to prove a mistake as to dates, in the testimony of a witness sworn on the trial.

Assumpsit and new trial, from Floyd county. Decided by Judge HAMMOND, August Term, 1857.

Joseph J. Printup brought his action in the Court below, against Daniel R. Mitchell, upon the following instrument in writing:

"ROME, 18th January, 1847.

I hold a note on Bennett Lawrence for $600, due the 25th day of next December, made payable to me, in which Joseph Printup and myself are jointly interested.

(Signed,)          DANIEL R. MITCHELL."

And also, for $300, for money had and received by the defendant, to and for the use of plaintiff.

The facts, necessary to a proper understanding of the judgment of the Court, are set out in the opinion delivered.

AKIN & ALEXANDER, for plaintiff in error.

PRINTUP, contra.

By the Court.—LUMPKIN, J. delivering the opinion.

Printup sued Mitchell for $300. They held jointly a note for $600 on one Lawrence. Mitchell gave Printup his receipt acknowledging that Printup was joint owner of the paper. Lawrence paid Mitchell the note. Mitchell sold Printup a negro for $600; and insisting that Printup's interest in the Lawrence note was settled in this way, he pleaded payment, and set-off to Printup's suit. Larkin Barnett swore on the trial, that while Printup was working on the Railroad, he heard him admit that his interest in the Lawrence note was settled in the purchase made of Mitchell. The jury rendered a general verdict for Mitchell. Both parties complained of the finding, each insisting that he had lost $300. Printup, however, moved for a new trial, on sundry grounds, which we deem it unnecessary to notice, as they have no merit in them; and amongst the rest, upon the ground of newly discovered evidence, which was that he could prove by two witnesses, that Printup got through his work on the Railroad in 1847, when the purchase of the negro, as the bill of sale showed was not made until 1849, two years thereafter; and upon this ground, the Court granted a new trial.

Was the Court right?

A new trial will not be granted on the ground of newly discovered testimony, the sole object of which is to impeach the credibility of a witness sworn on the trial. 9. *Ga. R.* 4. But the evidence in this case does not propose to go so far ven as that. It merely shows that Barnett, the witness, was

mistaken in fixing the conversation with Printup in 1847. He may be wrong as to the date, and yet the jury might well believe, that he heard this statement by Printup at some subsequent time. It is many years since this transaction occurred.

We hold therefore, that the Court was in error in granting a new trial in this case.

Judgment reversed.