JAMES S. JONES, plaintiff in error, *vs.* ARCHIBALD McCREA, defendant in error.

After a verdict at law in ejectment, a bill in equity for a new trial, so as to enable a witness who was examined on the trial below to correct a mistake in his testimony, as to the commencement of the occupancy of the defendant in said ejectment suit, (who relied on a statutory title) should meet with but little favor. This case, in principle, is within the decision in Mitchell *vs.* Printup, 25 Ga. Rep., 182.

Bill for New Trial and Injunction. Demurrer. By Judge VASON. From Sumter county. Chambers. September, 1867.

James S. Jones, on the 20th day of September, 1859, brought an action of ejectment in the short form, in Sumter county, in which Daniel H. Baldwin, as the executor of the last will and testament of Loami Baldwin, was the plaintiff, and Archibald McCrea was the defendant, to recover the north half of land lot No. 219, in the 17th district of originally Lee, then Sumter county.

He used the name of D. H. Baldwin, executor, etc., because the deed from D. H. Baldwin, executor, etc., to himself, recited that said land was sold in the county of Chatham, Georgia, under an order of the Court of Ordinary of said county, which sale he held was contrary to the statutes.

The cause was tried on the appeal at October term, 1866. Plaintiff proved McCrea in possession of the premises in dispute, at the commence of the action ; introduced a plat and grant of said lot from the State of Georgia to Loami Baldwin, and the order of probate of his will and the letters of executorship to D. H. Baldwin, and closed.

The defendant drew from plaintiff, by notice, said deed from Baldwin, executor, etc., to plaintiff, and read it in evidence. The defendant also read in evidence a deed for said land from Loami Baldwin to John Sanders, and it was admitted that the defendant had a regular chain of titles thereto from said Sanders to himself. Defendant then proved by Rufus S. Godwin that, to the best of his knowledge and belief, defendant went into possession of said land in April, 1852,

and had been in peaceable possession up to the commencement of this suit.

Plaintiff established, beyond question, that the deed from Loami Baldwin to Sanders was a forgery, and defendant's attorneys at the trial admitted it was a forgery.

The Court charged the jury that, if defendant had been in peaceable possession of the land, under color of title for seven years prior to the commencement of the action, they should find in his favor. The jury found accordingly.

The witness, Godwin, having since refreshed his mind, became fully satisfied that he had made a mistake in his testimony, and that, in fact, McCrea took possession, not in April, 1852, but in April, 1853, and gave Jones an affidavit to that effect.

McCrea did, in fact, not take possession till April, 1853, and since the trial, has admitted that Godwin was mistaken as to his having been in possession seven years before the suit was brought.

Upon these facts set out in his bill, Jones prayed that McCrea be enjoined from selling and disposing of the land, and that he should have a new trial of the ejectment cause. The Judge granted a rule calling on McCrea to show cause why the injunction should not issue as prayed for, and granting the injunction *ad interim.*

The solicitors of complainant and defendant submitted to the Judge a motion to dismiss the bill and dissolve the injunction (on demurrer) upon written arguments.

Complainant's solicitor moved to amend his bill by making D. H. Baldwin, as executor of Loami Baldwin, deceased, a party complainant, and charging that Jones had, at the date of his deed from said executor, *bona fide* bought said land and paid for it, that said executor and the legatees under the will, did not claim the land, but were all willing that he should use the executor's name to recover the land, and praying that they make a proper conveyance of the land to him, Jones, and further, by averring that he did not discover Godwin's said mistake till May or June of 1867 (since the verdict, etc.) They asked for time, till the regular term of the Court, to

5

Jones *vs.* McCrea.

have these amendments sworn to, because Jones resided in Spalding county, and Baldwin in Chatham county, Georgia, and were both absent.

The Court, thinking that these amendments "would not give equity to the bill," dissolved the injunction, and dismissed the bill. This judgment of the Court is assigned as error.

H. K. McCAY and W. A. HAWKINS, for plaintiff in error.

JAMES J. SCARBOROUGH, for defendant in error.

HARRIS, J.

An examination of this case will clearly evince that the chief purpose of the bill filed, was to procure a new trial, so as to enable a witness who had been sworn on the trial of the ejectment suit, in the Superior Court, to correct his testimony as to the time of the *commencement of the occupancy* of the defendant, who relied on a *statutory* title.

Bills like this ought to be regarded with little favor. In principle, we think it is within Mitchell vs. Printup, 25 Ga. Rep., 182.

Judgment affirmed.